# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LARRY ALDOFF,

        Plaintiff,

vs.                                                                           Civil No. 06-651 WJ/RHS

MARTIN CHAVEZ, et al.,

        Defendants.

### MAGISTRATE JUDGE'S RECOMMENDATION THAT PLAINTIFF'S MOTION FOR TRO, LETTER PETITION AND MOTION FOR HEARING BE DENIED

THIS MATTER comes before the Court on Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction ("Motion for TRO"), filed on January 26, 2007 **[Doc. 15]**, Plaintiff's Letter Petition (construed as a motion for order on Plaintiff's Motion for TRO), filed January 30, 2007 **[Doc. 18]** and Motion for Expedited Temporary Restraining Order and Preliminary Injunction Hearing ("Motion for Hearing"), filed March 7, 2007 **[Doc. 26]**. Defendants filed a response in opposition to Plaintiff's Motion for TRO.  (See Defendant's Response to Plaintiff's Motion for TRO ("Response"), filed February 8, 2007 **[Doc. 20]**).

Plaintiff alleges that "in a retaliatory manner, BCMDC [Bernalillo County Metropolitan Detention Center] has continuously lost my legal materials on this case, and to prevent me from preceeding [sic] with the case." (Declaration in Support of Plaintiff's Motion for TRO ("Declaration") at 3 ¶12, filed Jan. 26, 2007 **[Doc. 16]**).  Plaintiff alleges that when he was transferred from BCMDC to Los Lunas in August 2006, "some of my property 'Legal Papers,' did not arrive with me from BCMDC." (Declaration at 2 ¶ 5).  Plaintiff also claims that on November 13, 2006, during preparations at BCMDC to return to Santa Fe County Detention

Facility ("SFCDF"), he "was told that all my property [including items of clothing, a Bible and legal papers] had been lost." (Declaration at 2 ¶ 9). Plaintiff contends that BCMDC never responded to a grievance he filed regarding his missing property. (Declaration at 2-3, ¶¶ 10-11).

The bulk of Plaintiff's allegations, however, involve incidents and staff at the SFCDF. For example, Plaintiff alleges that on January 8, 2007, he was searched at his job in the law library and his legal material "was confiscated for no reason." (Declaration at 3 ¶14). Plaintiff asserts he was then escorted back to his cell where Lt. Aguliar searched for, "confiscated and demolished all . . . [of Plaintiff's] legal material." (Declaration at 3 ¶15). Plaintiff alleges that on January 10, 2007, SFCDF posted a memorandum "stating all legal material is to [be] sent . . . to Vincent V. Vigil, Program Manager, to be researched at their convenience before we can submit our legal material in Court." (Declaration at 3 ¶16). Plaintiff further alleges that SFCDF retaliated against him by discharging him from his job in the law library and denying him access to the law library. (Memorandum of Law in Support of Motion for TRO at 3, filed Jan. 26, 2007 **[Doc. 16]**).

Plaintiff seeks an order "requiring the defendants, and all other persons acting in concern [sic] and participation with them, as such, the staff at SFCDF, to cease retaliating against Plaintiff, provide him with copies of all legal material filed in the case, return all legal material confiscated or compensate him for legal material destroyed by Lt. Aguliar, also compensate me for my property that was mysteriously lost at BCMDC[] in November 2006, and arrange for full access to the Court, without interference, access to the law library . . ., access to a Notary Public and photo-copies with no expense or cost, also cease with the punishment, by providing my assigned job in the library . . . ." (Declaration at 4 ¶ 19).

Defendants do not deny Plaintiff's allegations as set forth in the Motion for TRO. Rather,

Defendants assert that because the city of Albuquerque "has no control over the management of [BCMDC]" and because Defendants "have never exercised any control over [SFCDF][,]" Defendants are "not proper parties against whom the relief Plaintiff seeks should be granted." (Response at 1-2 ¶¶ 1, 3, 4).  As Plaintiff points out, however, Defendant Torres presumably was, and "is still[,] the Chief of Corrections and in control of all the staff members at the [BCMDC] Facility."  (Plaintiff's Response [sic] to the Defendant's [sic] Response to Plaintiff's Motion for TRO ("Reply") at 2, filed Feb. 21, 2007 **[Doc. 22]**).

The Court agrees with Defendants that it has no basis on which to grant injunctive relief to Plaintiff with respect to Defendant Chavez.  In addition, the Court has no authority to grant injunctive relief to Plaintiff with respect to persons or entities that are not parties to this proceeding (i.e., SFCDF).  Consequently, the Court concludes that Plaintiff's Motion for TRO should be denied with respect to Defendant Chavez and the staff at SFCDF.  Plaintiff's allegations, liberally construed, may assert a claim that Defendant Torres and/or the staff at BCMDC have been negligent in handling Plaintiff's property.[1]  Such allegations, however, which include a request for compensatory relief, are not the appropriate subject of a motion for a temporary restraining order or injunctive relief.

### Recommendation

The Court recommends that Plaintiff's Motion for TRO **[Doc. 15]** be **denied** without prejudice to Plaintiff's right to file other motions or pleadings.  The Court further recommends that Plaintiff's Letter Petition **[Doc. 18]** and Motion for Hearing **[Doc. 26]** be **denied** as moot.

---

[1] Plaintiff's contention that Defendant Torres lost Plaintiff's legal materials in an attempt to prevent him from proceeding with his case appears to be nothing more than a conclusory allegation.  See Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir.1998).

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE