## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LARRY ALDOFF,

       Plaintiff,

vs.                                                                          Civil No. 06-651 WJ/RHS

MARTIN CHAVEZ, et al.,

       Defendants.

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE
### REGARDING DEFENDANTS' MOTION TO DISMISS

THIS MATTER comes before the Court upon "Defendants Martin Chavez and Ronald

Torres' Renewed Motion to Dismiss Plaintiff's Complaint to Recover Damages for Injury and

Memorandum in Support of their Motion to Dismiss" ("Motion to Dismiss"), filed November 13,

2007 **[Doc. No. 39]**.  Plaintiff opposes the Motion to Dismiss.[1]  The Court finds that Defendants'

Motion to Dismiss is well-taken in part and recommends that it be granted in part.

Defendants contend that "[t]he only claim Plaintiff could have against either Defendant

Chavez or Defendant Torres is for supervisor liability."  (Motion to Dismiss at 2).  Defendants

argue that "Plaintiff's Complaint should be dismissed because he fails to state any knowledge or

acquiescence by Defendants Chavez and Torres as required to establish supervisor liability under

42 U.S.C. § 1983."  (Motion to Dismiss at 2).  Defendants also contend that "Plaintiff fails to

allege that Defendants Chavez and Torres personally participated in the alleged constitutional

---

[1]On December 10, 2007, Plaintiff submitted "Plaintiff's Motion in Opposition to
Defendant's Motion to Dismiss" ("Response") **[Doc. No. 41]**.  Defendants move to strike the
Response as untimely.  (See Motion to Strike, filed Jan. 9, 2008 **[Doc. No. 42]**).  However,
because the Response was not helpful in addressing the issues raised in the Motion to Dismiss,
the Court did not consider it in reaching its conclusions.  Thus, the Court recommends that the
Motion to Strike be denied as moot.

violations." (Motion to Dismiss at 4). In this way, Defendants apparently argue that Plaintiff

fails to allege a basis for holding either Defendant Chavez or Defendant Torres individually

liable under § 1983. The Court agrees and, thus, recommends that Plaintiff's § 1983 claims

against Defendant Chavez and Defendant Torres in their individual capacities be dismissed.

However, Defendants do not address whether Plaintiff's § 1983 claims against

Defendants in their official capacities should be similarly dismissed.[2] The caption of Plaintiff's

Complaint does not specify whether Defendant Chavez and Defendant Torres are named in their

individual capacities, official capacities, or both. However, a review of the substance of

Plaintiff's Complaint, indicates that Plaintiff is suing Defendants in both their individual and

official capacities.

For example, on one hand, Plaintiff seeks punitive damages, which are not available

under § 1983 against a defendant in his official capacity. See Pride v. Does, 997 F.2d 712, 715

(10th Cir.1993) (citations omitted). On the other hand, Plaintiff specifically identifies

Defendants Chavez and Torres by their official titles, complains of an "illegal practice" at

Bernalillo County Metropolitan Detention Center that allegedly deprived him of access to his

funds, and seeks injunctive relief to "revise and correct the illegal and unconstitutional practice,"

implying an official capacity action.[3] (Complaint at Parts V, VI). Accordingly, the Court

concludes that Plaintiff's § 1983 claims against Defendants Chavez and Torres in their official

---

[2]"[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Department of Social Services, 436 U.S. 658, 690 n.55 (1978).

[3]"Plaintiffs seeking to impose liability on a municipality under section 1983 must identify a municipal 'policy' or 'custom' causing their injury." Marshall v. Columbia Lea Regional Hospital, 345 F.3d 1157, 1177 (10th Cir. 2003) (citation omitted).

capacities should not be dismissed at this time.

### Conclusion

The Court concludes that "Defendants Martin Chavez and Ronald Torres' Renewed

Motion to Dismiss Plaintiff's Complaint to Recover Damages for Injury and Memorandum in

Support of their Motion to Dismiss" **[Doc. No. 39]** should be **granted in part** and Plaintiff's §

1983 claims against Defendant Martin Chavez and Defendant Ronald Torres in their individual

capacities should be **dismissed**.  Plaintiff's § 1983 claims against Defendants Chavez and Torres

in their official capacities should not be dismissed at this time.  The Court recommends that

Defendants' Motion to Strike **[Doc. No. 42]** be **denied** as moot.

Within ten (10) days after a party is served with a copy of these proposed findings and

recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to

such proposed findings and recommendations.  A party must file any objections within the ten

(10) day period allowed if that party wants to have appellate review of the proposed findings and

recommendations.  If no objections are filed, no appellate review will be allowed.


_Robert Hayes Scott_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE