**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LARRY ALDOFF,

      Plaintiff,

vs.                                                          Civil No. 06-651 WJ/RHS

MARTIN CHAVEZ, et al.,

      Defendants.

**ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS, GRANTING IN PART DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION TO STRIKE AS MOOT**

THIS MATTER comes before the Court on consideration of the "Report and Recommendation of the Magistrate Judge Regarding Defendants' Motion to Dismiss" ("Report"), filed May 2, 2008 **[Doc. No. 47]**, "Defendants Martin Chavez and Ronald Torres' Renewed Motion to Dismiss Plaintiff's Complaint to Recover Damages for Injury and Memorandum in Support of their Motion to Dismiss" ("Motion to Dismiss"), filed November 13, 2007 **[Doc. No. 39]** and Defendants' Motion to Strike, filed January 9, 2008 **[Doc. No. 42]**. Defendants have filed objections to the Report. (Defendants Martin Chavez and Ronald Torres' Objections to the Report, filed May 7, 2008 **[Doc. No. 48]**). The Court, having reviewed *de novo* those portions of the Magistrate Judge's Report objected to, finds that the objections will be overruled, the Magistrate Judge's proposed findings will be adopted, the Motion to Dismiss will be granted in part, and the Motion to Strike will denied as moot.

*Defendants' objections*

Defendants object only to the Magistrate Judge's recommendation that Plaintiff's claims against Defendants in their official capacities not be dismissed at this time, contending that

"Plaintiff fails to state a claim against Defendants Chavez and Torres in any official capacity."[1] (Objections at 2). Defendants argue that Plaintiff has shown neither the existence of a municipal custom or policy, nor any direct causal link between that custom or policy and the violation alleged.

In his Complaint, Plaintiff alleges that someone at the Bernalillo County Metropolitan Detention Center ("BCMDC") told his friend, Ms. Alonzo, "that she could not retrieve funds from the Plaintiff's account but only once a month."[2] (Complaint § IV). Plaintiff alleges that "the illegal practice at (BCMDC)" of allowing an inmate to release funds only once a month deprived Plaintiff of his property without due process and damaged his credit rating. (Complaint § V). Even in the absence of an express municipal policy, the existence of a widespread practice may suffice as "custom" for purposes of establishing municipal liability. See City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-168 (1970)). In reviewing a motion to dismiss, the Court presumes the allegations in the Complaint to be true and construes them in the light most favorable to Plaintiff. Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir. 1989) (per curiam). Thus, in alleging that an illegal practice by BCMDC staff deprived him of his property without due process, Plaintiff has alleged both the existence of a municipal custom or policy and a causal link between the custom or policy and the violation alleged.

---

[1] Plaintiff's claim against Defendants Chavez and Torres in their official capacities is, in essence, a claim against the City of Albuquerque. See Henry v. Albuquerque Police Department, 49 Fed.Appx. 272, 274 n.1 (10th Cir. Oct. 23, 2002) (not selected for publication in the Federal Reporter).

[2] Attached to Plaintiff's Complaint is a grievance form, directing Plaintiff to "[r]efer to our *policies and procedures* [which provide that] an inmate can release funds only 1 time a month." (Ex. A, Bernalillo County Metropolitan Detention Center, Inmate Grievance Information/Request Form, attached to Complaint (italics added, underlining in original)).

2

Defendants also contend that because Plaintiff's allegations arise from "a single incident," he is "required to show that the conduct complained of occurred because of a decision by an authorized policy maker." (Objections at 3).  However, it is not clear that Plaintiff is required to do so, if he can show that a "single incident" resulted from an employee's execution of a municipal policy or custom.  In any event, the Complaint does not identify the person(s) who allegedly violated Plaintiff's rights by denying the release of his funds and the Court has no information regarding the position or authority of the person(s) involved.[3]  Accordingly, at this stage in the proceedings, the Court will not dismiss Plaintiff's official capacity claims on this basis.

WHEREFORE,

IT IS ORDERED that the proposed findings of the Magistrate Judge set forth in his Report **[Doc. No. 47]** are adopted by the Court.

IT IS FURTHER ORDERED that Defendants Martin Chavez and Ronald Torres' Renewed Motion to Dismiss Plaintiff's Complaint to Recover Damages for Injury and Memorandum in Support of their Motion to Dismiss **[Doc. No. 39]** is **granted in part** and Plaintiff's § 1983 claims against Defendant Martin Chavez and Defendant Ronald Torres in their individual capacities are **dismissed**.  Plaintiff's § 1983 claims against Defendants Chavez and Torres in their official capacities remain at this time.

IT IS FURTHER ORDERED that Defendants' Motion to Strike **[Doc. No. 42]** is **denied** as moot.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff does not identify the BCMDC staff who allegedly refused to release funds from his account.  However, Plaintiff names as defendants "others unknown at this time but [who] will become known during discovery." (Complaint (caption)).